# KAHAU LAWELAWE *v.* B. N. KAHALEPUNA, AD-MINISTRATOR OF THE ESTATE OF J. A. LAWELAWE, DECEASED.

## No. 1380.

### EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. H. L. ROSS, JUDGE.

ARGUED JULY 31, 1922.  DECIDED SEPTEMBER 28, 1922.

### PETERS, C. J., EDINGS AND PERRY, JJ.

EXECUTORS AND ADMINISTRATORS—*claims—form and requisites.*

In the absence of statutory requirements no fixed form is required nor is the technical accuracy and certainty of description which is essential in pleading necessary. All that is required is that the claim show an existing liability sufficient to advise the legal representative of the deceased debtor of its nature and amount and if paid be available as a bar to any future action by the creditor upon the same claim.

SAME—*same—same—vouchers.*

A cancelled bank check is not a "voucher" within the meaning of section 2394, R. L. 1915, upon a claim for money had and received where it appears that the money was received by means of a check payable to the claimant and by her indorsed to the deceased for collection.

SAME—*same—amount upon rejected claim—variance.*

In an action upon a rejected claim, claimant can recover only upon the cause of action set forth in the claim. There is no variance between a claim and complaint for money had and received as consideration for the sale of land where the complaint shows the additional fact that the money was paid by means of a bank check payable to the claimant and by her indorsed to the deceased for collection.

OPINION OF THE COURT BY PETERS, C. J.

Appellee, plaintiff below, brought an action against the administrator of the estate of J. A. Lawelawe, de-

ceased, upon the following rejected claim (omitting title of court and cause):

"Claim of Kahau Lawelawe.

"Territory of Hawaii,  }  ss.
"City and County of Honolulu, }

"Now comes Kahau Lawelawe and on oath deposes and says; that the Estate of Jasper A. Lawelawe owes her in the following amount, to-wit:
"1917
"April 20,   To money paid by C. Brewer & Co. Ltd. as Agents of the Kuhua Agricultural Co. Ltd. for price of land sold,   ·     $7,000.00

"May ...,   By money paid by said J. A. Lawelawe to claimant     600.00

Balance due Kahau Lawelawe,  $6,400.00
"Subscribed and sworn to before me this 9th day of June, A. D. 1921.
(Sig.) "Mrs. Kahau Lawelawe
(Sig.) "M. T. Furtado
"Notary Public, First Judicial Circuit, Territory of Hawaii."

The grounds of the rejection were that the "purported claim is not accompanied by proper vouchers for verification nor does it state how and in what manner the said purported claim is based upon and it is therefore irregular."

Upon the trial the defendant sought to justify such rejection upon the grounds that the claim was not accompanied by proper vouchers and did not in itself show an existing liability. Objection was also made that the complaint did not state facts sufficient to sustain the judgment, and that if it did, there was a fatal variance between the claim and the complaint for the reason that

the claim, even if indulged to the extent contended for by the appellee, showed an existing liability for moneys paid to the deceased by C. Brewer & Company, Limited, as a consideration for land sold to its principal, the Kuhua Agricultural Company, Limited, whereas the cause of action alleged in the complaint was for money had and received by the deceased as indorsee of a check given by C. Brewer & Company, Limited, as maker, to the claimant as payee and by the latter indorsed in blank and delivered to the deceased. There was no defense on the merits. The trial court, jury waived, gave judgment for plaintiff.

First as to the claim itself. Section 2394, R. L. 1915, as amended by Act 188, S. L. 1917, contains no requirements as to the form of a claim. It merely provides that creditors present their claims with proper vouchers or duly authenticated copies thereof. Under the circumstances the sufficiency of a claim is to be determined by a consideration of what the claim should contain to satisfy the requirements which its name necessarily implies and the purposes it is designed to accomplish reasonably demand, viewed in the light of the duties of the legal representative of the estate of the deceased debtor generally and in respect to a claim when presented in particular. The term "claim" contemplates a debt or demand enforceable against the deceased in his lifetime by a personal action for the recovery of money. A debt or demand imports a consideration. To constitute a debt the obligation must exist at the time of the death of the deceased debtor. Hence an essential requirement is to show an existing indebtedness by reference to the time of its accrual, consideration and amount. The purposes of a claim are to advise the legal representative of the estate of the deceased debtor of the nature and amount of the alleged indebtedness so that he may intelligently deter-

mine whether the same is just and should be paid and if paid would be available as a bar to any future action that might be prosecuted by the creditor upon the same claim. When presented the administrator or executor, as trustee for all creditors and beneficiaries ultimately entitled, is bound to investigate the claim and if found to be just, make provision for its payment. These requirements are simple and due to the liberality of interpretation accorded to statutes of this character in respect to the remedy provided no formality is required. The sufficiency of a claim is not measured by its ability to withstand a general or special demurrer. A cause of action, as that term is understood in pleading, need not be stated. The rules of pleading do not apply.

The claim in the instant case shows an existing indebtedness. It states the nature of the claim to be, money due and owing the claimant; the amount: $6400. It discloses the consideration of the indebtedness, to wit, money paid the deceased, supplemented by an acknowledgment of the receipt thereof in the shape of a credit for $600 paid on account. It identifies the consideration thereby distinguishing it from any other indebtedness existing in like time and amount by the reference "money paid by C. Brewer & Company, Limited, as agents of the Kuhua Agricultural Company, Limited, for price of land sold."

The only formal requirement of the statute is that vouchers or authenticated copies thereof accompany the claim. What a "voucher" is depends more or less upon the circumstances of each individual case. The term is usually applied to receipts. But as employed in the statute it also includes written instruments directly, and not collaterally, evidencing the indebtedness. As between indorser and indorsee a check is evidence of its contents but it is not direct evidence of any existing liability of

the indorsee. Its mere introduction in evidence, unaided by other evidence, would prove nothing further than the fact of indorsement. A cancelled check discloses no liability. Moreover, the check in question was not the property of, nor available to, the claimant. In the natural course of events the bank upon which it was drawn would return it to the drawer. The check was not a "voucher" within the meaning of the term as employed in the statute and its absence was not fatal to the claim.

We cannot say that the claim in the instant case discloses any peculiar perfections. Whatever its faults it cannot be charged with prolixity. But that is not our concern. The only question is whether it, as a matter of law, in substance, meets the requirements of the statute, and we are satisfied that it does. This determination makes it unnecessary for us to decide the effect of the form of the rejection.

The objection that the amended complaint fails to set forth facts sufficient to support the judgment is without merit. The following quotations of paragraphs 1 and 2 and excerpt from paragraph 10 are sufficient for our purposes:

"1. That on or about the 20th day of April, A. D. 1917, the plaintiff herein conveyed certain lands belonging to her to Kuhua Agricultural Co., Ltd., a domestic corporation, duly created and existing under the Laws of the Territory of Hawaii, and more particularly designated in deed dated April 20th, 1917, and recorded in Liber 468 on page 320, for the sum of Seven Thousand ($7,000.00) Dollars; which amount of Seven Thousand Dollars was paid by check issued by C. Brewer & Co., Limited, through the Bank of Hawaii, Limited, in the name of Kahau Lawelawe, as more fully appears in said check number 21261; and that said Kahau Lawelawe endorsed said check and sent to J. A. Lawelawe, deceased, to cash the same as requested and instructed by

said J. A. Lawelawe, deceased; that on April 28th, 1917, said J. A. Lawelawe endorsed and cashed said check."

"2. That in the month of June or May, 1917, said J. A. Lawelawe paid to the plaintiff herein the sum of Six Hundred ($600.00) Dollars, out of said $7,000.00."

"10. * * * that said J. A. Lawelawe did not during his lifetime pay said sum of $6,400.00 due plaintiff or any part thereof."

No demurrer was filed to the amended complaint.

The cause of action set forth in the amended complaint is one in assumpsit at law for money had and received by J. A. Lawelawe, deceased. The allegations of the circumstances of the issuance of the check, its indorsement and ultimate collection by the deceased merely identify the source and medium of receipt of the money for which suit was brought. No new or different state of facts constituting a new and different cause of action is thereby set up. Nor can it be claimed that by reason of the allegations in respect to the medium of payment the complaint sets forth a cause of action for money paid the deceased by plaintiff due to her indorsement of the check in blank and its delivery to the deceased. The check was not accepted by the plaintiff as payment of the consideration for the sale of her land. Neither the complaint alleges nor the proof admits such a finding. Where the debtor issues a check to a creditor, in the absence of facts showing a contrary intention acceptance of the check is not *prima facie* evidence of the payment of the indebtedness. The check is simply an order on the depository to pay the amount of the check as agent of the drawer. The check is not an assignment *pro tanto* of the corresponding amount of the deposit. (Sec. 3639, R. L. 1915.) It is only when the check is paid that the indebtedness is discharged. Nor, according to the allegations of the complaint, did the plaintiff ever part with title to the check. She alleges in her complaint that the

check was issued in her name; that she indorsed it and sent it to J. A. Lawelawe, deceased, "to cash." In other words, she sent it to the deceased for collection. Hence when the check was cashed by the deceased he received the money as the agent, and for the benefit, of his principal, the plaintiff, the payee and indorser of the check. Moreover, payment, when made by the bank, was made as the agent of the drawer C. Brewer & Company, Limited. C. Brewer & Company, Limited, "paid" the deceased intestate when the bank cashed the check. .The legal effect, therefore, of the allegations of the complaint is that C. Brewer & Company, Limited, "paid" the deceased intestate the sum of $7000. The claim states the same thing. There is no variance between the liability set forth in the claim and the cause of action alleged in the complaint.

Appellant further complains that plaintiff failed to show that she brought her action within two months after its rejection and in support thereof contends that there was no showing of when notice of rejection was served upon the claimant by the administrator, and that the evidence in that regard was to the effect that such notice was served upon the attorney for the claimant on June 9, 1921. Suit was filed August 15, 1921.

We find it unnecessary to decide whether or not service upon the attorney of the creditor is service upon the creditor within the requirements of section 2495 R. L. 1915. The undisputed evidence was that the attorney for the administrator, upon an occasion when he, the administrator, the claimant and her attorney were all present, served upon both the claimant and the attorney for the claimant a notice of the rejection of claimant's claim. The administrator testified that this particular incident occurred on June 9, 1921. The attorney for the claimant testified that it occurred on June 15, following,

although he was unable to state that he saw the attorney for the administrator serve the notice of rejection on the claimant. The notice of rejection as originally typed bore the date of June 9 but the date was scratched out and the date of June 15 substituted in ink in the handwriting of the administrator's attorney. The court found that the incident referred to occurred on June 15, 1921. This is tantamount to a holding that both the claimant and her attorney were served on June 15 with the notice of rejection of the claim. The finding of the court is amply sustained by the evidence and we see no reason to disturb it.

Such further exceptions alleged by the appellant not covered by the foregoing have been carefully examined and found without merit.

The exceptions are overruled.

*W. C. Achi* for plaintiff.

*R. J. O'Brien* for defendant.